IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARENE MARIE JEFFERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3285 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Plaintiff Sharene Jeffers appeals the Commissioner of Social Security's denial of her application for disability insurance benefits under the Social Security Act. This Court has jurisdiction. 42 U.S.C. § 405(g). The parties have filed cross-motions for summary judgment. Defendants' Motion for Summary Judgment (d/e 11); Defendant Commissioner's Motion for Summary Affirmance (d/e 13).[1]  For the reasons set forth below, the Commissioner's Motion for Summary Affirmance is ALLOWED and Jeffers' Motion for Summary Judgment is DENIED.  The Decision of the

---

[1]Plaintiff erroneously entitled her motion, "Defendants' Motion for Summary Judgment."

1

Commissioner is affirmed.

## STATEMENT OF FACTS

Jeffers was born on May 19, 1953. She completed high school and three years of college. She worked primarily as a cashier until December 31, 1997. She stopped working due to pain and fatigue. Jeffers first sought medical treatment for her condition in October 2003. Her primary care physician was Sheila Ayorinde, M.D. Record of Proceedings Before the Social Security Commission (d/e 10) (R.), 204. Dr. Ayorinde ordered an MRI of Jeffers' brain. The MRI showed no abnormalities. R. 217. In December 2003, Dr. Ayorinde referred Jeffers to Sriya Ranatunga, M.D., a rheumatologist. Dr. Ranatunga diagnosed Jeffers with fibromyalgia. R. 167.

In October 2004, Jeffers protectively filed an application for disability benefits. At that time, Dr. Ayorinde referred Jeffers to a neurologist James LaGuardia, M.D. Dr. LaGuardia and a neurology resident Lidia Brown, M.D., examined Jeffers for subjective claims of memory loss. Drs. Brown and LaGuardia found no significant memory deficits. R. 171. Dr. Brown ordered an EEG. The EEG was performed in November 2004. The results showed no abnormalities. R. 179.

In December 2004, Dr. Ayorinde referred Jeffers to neuropsychologist

Ronald Zec, Ph.D. Dr. Zec conducted a cognitive assessment which included the Weschler Adult Intelligence Scale-III. R. 181-196. Jeffers scored within normal limits on the tests. R. 186. Dr. Zec concluded that the formal testing showed no impairment of memory or attention. R. 192.

Jeffers also complained of migraine headaches. In February 2005, Jeffers underwent a CT scan of her brain due to the headaches. The CT scan was normal with no changes from the results of the 2003 MRI. R. 224.

In February 2005, a psychologist Tyrone Hollerauer, Psy.D., conducted a review of Jeffers medical records. Dr. Hollerauer opined that Jeffers did not have any medically determinable mental impairment. R. 225-37. In June 2005, a state agency physician Madala Vidya, M.D., performed a physical residual functional capacity assessment based on Jeffers' medical records. R. 249-56. Dr. Vidya found no exertional or postural limitations. He opined that Jeffers should avoid concentrated exposure to noise, vibration, fumes, and hazards. R. 253. He found no other limitations.

Jeffers underwent several more tests in July 2005. X-rays of her spine and hips showed minimal cervical scoliosis and mild degeneration of the sacroiliitis. R. 322-24. X-rays of her knees and feet showed a benign bone

3

tumor of the right femur, but no other abnormalities. R. 332-35. A pulmonary function study showed mild chronic obstructive pulmonary disease (COPD) with lung capacity in the lower limit of normal suggesting borderline restriction. R. 300. Subsequent chest x-rays in August 2005, showed no active pulmonary disease. R. 321.

Dr. LaGuardia opined in January 2005, that Jeffers was disabled, but he did not believe that she was permanently disabled. R. 242. On February 28, 2006, Dr. Ayorinde opined that it was doubtful that Jeffers could be gainfully employed in her current condition. R. 344.

The Administrative Law Judge (ALJ) conducted a hearing on March 1, 2006. R. 591-637. Jeffers and her friend Susianna Lucchesi testified, as well as vocation expert James Lanier, Ph.D. Jeffers testified that she lived in Springfield, Illinois, in a first floor apartment with a roommate, Jonathan Miller. She testified that she has constant pain and fatigue from fibromyalgia and carpal tunnel syndrome. R. 616. Jeffers had never been diagnosed or treated for carpal tunnel syndrome. Jeffers testified that she currently itched all over due to the fibromyalgia. R. 619. She also testified that she had memory problems and was often confused. R. 622-23.

Jeffers also testified about her daily activities. She cooks and cleans

the apartment and does laundry.  R. 613-15.  She testified that she travels by bus or cab to medical appointments and to run errands such as grocery shopping and purchasing prescription drugs at pharmacies.  She testified that she usually traveled to one or two places a day.  R. 610.  She also does artwork to keep her spirits up.  R. 614.

Jeffers' friend Lucchesi also testified.  Lucchesi is a Catholic sister.  R. 633.  Lucchesi testified that Jeffers suffered from memory problems.  Lucchesi testified that Jeffers loses track of time; she thinks four to five weeks have passed when, in reality, four to five months have passed.  R. 629.  Jeffers has trouble thinking of the name of items.  R. 630.  Lucchesi testified that Jeffers had difficulty remembering the purpose of telephone calls.  R. 630-31.

Dr. Lanier then testified that a person with Jeffers' education and the residual functional capacity (RFC) to perform light work could perform Jeffers' past work as a cashier.  The ALJ asked about the impact of restrictions on: (1) exposure to fumes, dust, odors, and gases; (2) postural limitations; and (3) frequent handling and fingering. Dr. Lanier opined that limitations on frequent fingering and handling would restrict someone from performing Jeffers' past relevant work.  R. 635-36.

The ALJ issued his Decision on March 31, 2006. The ALJ followed the five-step analysis set forth in the Social Security Administration regulations (Analysis). 20 C.F.R. §§ 404.1520, 416.920. Step 1 requires that the claimant not be currently engaged in gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If true, Step 2 requires the claimant to have a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If true, Step 3 requires a determination of whether the claimant is so severely impaired that she is disabled regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Such severe impairments are set forth in the Listings. 20 C.F.R. Part 404, Subpart P, Appendix 1. The claimant's condition must meet the criteria in a Listing or be equal to the criteria in a Listing. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not so severely impaired, then Step 4 requires the ALJ to determine whether the claimant is able to return to her prior work considering her residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant cannot return to her prior work, then Step 5 requires a determination of whether the claimant is disabled considering her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant has the burden of presenting

evidence and proving the issues on the first four steps. The Commissioner has the burden on the last step; the Commissioner must show that, considering the listed factors, the claimant can perform some type of gainful employment that exists in the national economy. Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995).

The ALJ found that Jeffers met the requirements of Steps 1 and 2 of the Analysis. She was not gainfully employed and suffered from severe impairments due to her fibromyalgia, hypothyroidism, COPD, migraines, memory problems, and scoliosis. R. 14. The ALJ concluded that Jeffers' impairments did not meet any of the Listings at Step 3. R. 16-19.

At Step 4, the ALJ concluded that Jeffers had the RFC to perform light work with no concentrated exposure to noise, vibration, fumes, odors, dusts, gases, poor ventilation, hazards, machinery or unprotected heights. The ALJ found that Jeffers was further restricted to simple routine tasks. R. 19. The ALJ found that the degree of Jeffers' complaints of pain was not credible. The ALJ relied on the lack of medical evidence and the level of Jeffers' daily activities. R. 20-23. Based on Dr. Lanier's testimony, the ALJ found that Jeffers could perform her past work as a cashier. R. 23. The ALJ, thus, found that Jeffers was not disabled.

7

ANALYSIS

This Court reviews the ALJ's Decision to determine whether it is supported by substantial evidence. Substantial evidence is, "such relevant evidence as a reasonable mind might accept as adequate" to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). This Court must accept the ALJ's findings if they are supported by substantial evidence, and may not substitute its judgment for that of the ALJ. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). The ALJ further must articulate at least minimally her analysis of all relevant evidence. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). The Court must be able to "track" the analysis to determine whether the ALJ considered all the important evidence. Diaz v. Chater, 55 F.3d 300, 308 (7th Cir. 1995).

The ALJ's analysis is supported by substantial evidence. The medical opinions of Drs. Hollerauer and Vidya support the finding that Jeffers could perform light work. Jeffers testified that she travels daily by bus or cab. She cleans house, cooks, and does arts and crafts. These all support the finding of the RFC.

The ALJ's decision not to follow the opinions of Drs. LaGuardia and Ayorinde is also supported by substantial evidence. Dr. LaGuardia opined

that Jeffers was disabled, but not permanently disabled. Dr. Ayorinde opined that Jeffers could not currently work. These opinions are not supported by objective medical evidence. All of the objective testing was normal. The opinions are also inconsistent with Jeffers' testimony concerning her daily activities and the opinions of Drs. Holleraur and Vidya. In light of this evidence, the ALJ could properly decide not to give these opinions controlling weight.

THEREFORE, the Commissioner's Motion for Summary Affirmance (d/e 13) is ALLOWED and Jeffers' Motion for Summary Judgment (d/e 11) is DENIED. The Decision of the Social Security Commissioner is affirmed. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  January 16, 2009

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
    UNITED STATES DISTRICT JUDGE